## UNITED STATES *v.* GREEN.

*(Circuit Court, E. D. Missouri, E. D.　April 19, 1887.)*

ELECTIONS—OFFENSES AGAINST—ATTESTATION OF POLL-BOOKS BY CLERK.

Under a proper construction of the laws of Missouri defining the duties of clerks of election in the city of St. Louis, such officers are not required to certify as to the result of an election. The duty of certifying as to the result of an election is imposed on the judges of election, while clerks of election are merely required "to attest" or authenticate the signatures of the judges to the certificate. *Vide* Sess. Laws Mo. 1883, pp. 44, 45, §§ 19, 20, 24; Rev. St. Mo. 1879, §§ 5495, 5498. An indictment having been drawn against a clerk of election under that clause of section 5515, Rev. St. U. S., which declares it to be an offense "*to make a false certificate as to the result*" of a congressional election, *held,* that such indictment was bad on demurrer, inasmuch as it was not a clerk's duty to certify as to the result of the election. *Held, further,* that the clerk, by attesting the poll-book, did not certify as to the correctness of the count of the votes, but merely authenticated the signatures of the judges, whose duty it was to count the votes and certify as to the result.

On Demurrer. Indictment under Rev. St. U. S. § 5515, for fraudulently attesting a false certificate of election upon the poll-books.

*T. P. Bashaw*, Dist. Atty., and *D. P. Dyer*, for the Government.

*Krum & Jonas* and *Napton & Frost*, for defendant.

THAYER, J. This is an indictment drawn under that clause of section 5515, Rev. St. U. S., which declares it to be an offense if any officer, at an election for a representative in congress, fraudulently makes a false certificate of the result of such election with respect to the representative voted for. The defendant acted as clerk of election in November, 1886, and is charged with *"falsely attesting upon the poll-books a false certificate,"* said to have been made by the judges of election, with reference to the congressional vote. The indictment is drawn upon the theory that clerks of election, when they attest the poll-books at the close of an election, as the law requires, thereby certify to the correctness of the count as made and certified by the judges of election. On the other hand, it is contended that clerks of election are merely required to attest the act of the judges in signing the certificate as to the result of the election, and that, as clerks, they have nothing to do with the actual count of the vote. If the latter view is correct, it follows that the indictment is bad, in law, inasmuch as it misconceives a clerk's duties, and places a wrong construction upon the meaning of the clerk's attestation.

We have had some difficulty in determining, under the state statutes, precisely what effect ought to be given to the attestation in question,—that is to say, whether we should construe it as relating to the general correctness of the count, and as confirmatory of the fact certified to the judges of election, or whether it is a mere authentication of the signatures of the judges to the certificate. So far as the duties of a clerk of election are expressly defined by statute, they seem to be confined (1) to writing the words "voted" or "rejected" opposite the voter's name on the poll-books as the names of voters are called by the receiving judges when votes are tendered for acceptance or rejection; (2) to entering or tallying the votes in favor of each candidate as the same are read aloud by the counting judges; and (3) to attesting the poll-books when the election has ended, and the judges have signed the certificate as to the result. *Vide* section 19, Sess. Laws Mo. 1883, p. 44; section 5498, Rev. St. 1879; sections 20, 24, Sess. Laws Mo. 1883, pp. 44, 45. In other words, a clerk's duties seem to be purely clerical. They are not authorized to receive, count, or handle the ballots personally, but are simply required to make certain entries at the dictation of the judges of election, and to cast up the total number of votes polled in favor of each candidate as the same are read off by the counting judges. The counting of the ballots is required to be done by two of the judges, one of whom reads the ballot in an audible voice, and passes it to his associate to be examined and strung, as provided by law. So far as we can see, there is no provision of the election law which contemplates that the face of the ballot shall be exposed to the clerks of election, or that the same shall pass through their hands. *Vide* section 5495, Rev. St. 1879.

The matter is involved in some obscurity, but we think it the most reasonable construction of the law that clerks of election merely authenticate or attest the act of the judges in signing the returns, and that they are not required, and do not in fact, certify as to the correctness of the count, which is made by the judges themselves. The statute itself makes a distinction between the duties of judges and clerks of election, in that the former are required to certify to the result, and the latter to attest the signing. The word "attest," in its ordinary sense, also confirms the construction which we have herein given to the statute. If clerks of election are to be held responsible for the correctness of the certificate of the judges, it would seem that some provision ought to be contained in the law to give them a view of the ballots; otherwise they will be compelled to certify to facts of which they have no personal knowledge. It would seem, also, that they should be required to sign the certificate as well as the judges, and not merely to attest the signing.

For these reasons we hold the demurrer to be well taken, and order the same to be sustained.

BREWER, J., concurs.